<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4694**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID EZEL SIMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Lacy H. Thornburg, District Judge. (5:02-cr-00043-LHT-1)

Submitted: April 9, 2009          Decided: April 21, 2009

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Rahwa Gebre-Egziabher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Ezel Simpson appeals his thirty-six month sentence imposed on revocation of his supervised release. We affirm.

On appeal, Simpson argues that the sentence imposed is plainly unreasonable because the district court erred by failing to explain adequately its reasons for imposing the sentence. Simpson does not challenge the district court's decision to revoke his supervised release or its guidelines calculations. The Government responds that the district court's sentence is not unreasonable.

In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2005), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those [18 U.S.C.] § 3553(a) factors applicable to supervised release revocation sentences." Although the district court must consider the Chapter Seven policy statements and the requirements of 18 U.S.C. § 3583 (2006), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citation omitted). A sentencing court must provide a sufficient explanation of the sentence to allow effective review of its reasonableness on appeal. See United States v. Moulden, 478

2

F.3d 652, 657 (4th Cir. 2007) (probation revocation).  However, the court need not "robotically tick through § 3553(a)'s every subsection."  Id. (quoting United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)).

Our review of the record in this case convinces us that the district court's reasons for its sentencing decision are sufficiently apparent from the record.  We conclude that the sentence is neither procedurally nor substantively unreasonable. See United States v. Finley, 531 F.3d 288, 297 (4th Cir. 2008) (applying Gall v. United States, 128 S. Ct. 586, 597 (2007), in reviewing a sentence to determine if it is plainly unreasonable).

Simpson also asks the court to revisit our holding in Crudup and instead find that a reasonableness inquiry applies to revocation sentences.  However, even if we were inclined to do so, a panel of this court cannot overrule the decision of a prior panel.  See United States v. Roseboro, 551 F.3d 226, 234 (4th Cir. 2009).

We therefore affirm Simpson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED